UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE JEREMY MICHAEL COLLINS,         ) | |
| ) | Case No. 14-42981-can7 |
| Debtor.                                                    ) | |
| _____) | |
| ) | |
| JEREMY MICHAEL COLLINS,                ) | |
| Plaintiff,                                          ) | |
| v.                                                            ) | Adv. Case No. 15-4062 |
| NEBRASKA FURNITURE MART, INC.,    ) | |
| Defendant.                                       ) | |
| _____) | |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Debtor's adversary complaint seeks damages against Nebraska Furniture Mart ("NFM"), for NFM's request, in a post-discharge replevin action, to impose against the Debtor an *in personam* judgment for NFM's attorney's fees, costs, and other damages incurred in connection with the replevin. In lieu of answering the complaint, NFM has filed a Rule 12(b)(6) motion to dismiss for failure to state a claim, arguing that it has not violated the Debtor's discharge injunction since its alleged damages are post-petition debts. For the reasons set forth below, the Court denies the Motion.

*Standard*

Federal Rule of Bankruptcy Procedure 7012 incorporates Fed. R. Civ. P. 12(b)(6), which provides defenses for claims for relief. *See* Fed. R. Bankr. P. 7012. When deciding a motion to dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw[s] all reasonable inferences in favor of the nonmoving party." *Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 438 (8th Cir. 2013). The complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v.*

1

*Iqbal*, 556 U.S. 662, 678 (2009)). "Plausible" requires less than "probable" but more than "possible." *Iqbal*, 556 U.S. at 678. The Court will not accept as true wholly conclusory allegations. *Hanten v. Sch. Dist. Of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999). While "detailed factual allegations" are not required in the complaint, the complaint must contain "enough facts to raise a right to relief above the speculative level." *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## *Discussion*

The facts in the light most favorable to the Debtor are not in dispute. NFM is a well-known regional furniture retailer, offering buyers enticing, no-money-down, 0% interest if paid-in-full-within-X-months credit terms for a dazzling array of household goods and furnishings. Under its standard revolving credit agreement, NFM retains a purchase money security interest in all items purchased until the buyer pays for the purchases in full.

In this case, the Debtor owed NFM approximately $3,000 for items he purchased from NFM before he filed bankruptcy. NFM had in fact sued the Debtor to recover the items and for damages, but NFM dismissed its suit when it received notice of Debtor's Chapter 7 bankruptcy filing. The Debtor, for his part, did not acknowledge NFM's lien in his bankruptcy filings, instead scheduling NFM as an unsecured creditor. Likewise, the Debtor did not respond to NFM's written request to surrender, reaffirm, or redeem the items he had purchased. The Debtor duly received a discharge, after which NFM filed its replevin action in state court.

Debtor does not dispute that NFM's lien survived his discharge, or that NFM has the right to replevin items subject to NFM's valid lien.[1] Rather, Debtor takes issue with the fact that NFM's petition not only seeks the immediate right to possess the items, but "for payment of

---

[1] Debtor also alleges he no longer has the items. Whether or not Debtor has possession of the items is not material, however, to resolution of the motion to dismiss for failure to state a claim.

2

[NFM]'s costs and attorneys' fees incurred in enforcing the Revolving Credit Charge Agreement [and] for damages incurred by [Debtor]'s retention of the goods." NFM's creative argument for avoiding liability for its attempts to collect a prepetition debt is that its request for damages is instead a postpetition debt incurred on account of Debtor's "unlawful" retention of the items. In support of its argument, NFM points to the many changes BAPCPA added to the Bankruptcy Code,[2] which NFM argues eliminated a debtor's ability (known as "ride-through") to retain personal property encumbered by a lien without the benefit of redemption or a reaffirmation agreement. NFM's argument is not well-taken.

NFM does not dispute that it seeks attorney fees and other damages under the terms of its revolving credit agreement, and that Debtor executed that agreement prepetition. Under the Bankruptcy Code's broad definitions of "debt" (meaning, liability on a "claim"[3]) and "claim" (including a right to payment whether or not such right was reduced to judgment),[4] NFM's right to seek attorney's fees and other damages arising under its agreement was unquestionably a prepetition debt.  It follows, then, that Debtor's discharge order enjoined NFM from commencing an action, employing process, "or acting to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2).

Nor is NFM's reliance on certain Code provisions evincing intent to eliminate ride-through availing. NFM is correct when it points out that 11 U.S.C. § 521(a)(2) together with § 521(a)(6) imposes upon an individual Chapter 7 debtor a duty to timely file a statement of intent

---

[2] Those changes include: 11 U.S.C. §§ 521(a)(2) (expanding the requirement of filing a statement of intent to all secured debts); § 521(a)(6) (imposing a duty on debtor's not to retain possession of property unless the debt was reaffirmed or the property redeemed under § 722); § 521(d) (certain ipso facto clauses validated); § 521(a)(2)(A) (shortening the time to file a statement of intention); § 521(a)(2)(B) (shortening the time to perform the statement of intention); § 521 undesignated paragraph (after § 521(a)(7) (lifting of the stay for certain noncompliance); § 362(h)(1) (lifting of the stay for failure to file the statement of intention or take timely action under the statement of intention; and § 524(k)(6)(A) (enhancing the debtor's attorney's duties, in the form of the Attorney Part C certification).

[3] 11 U.S.C. § 101(12).

[4] 11 U.S.C. § 101(5)(A).

specifying the debtor's intent to either surrender or retain the property, and if retaining, to either reaffirm or redeem, as well as a duty not to retain personal property collateral under certain circumstances.[5] And NFM has tumbled to Judge Federman's *Riggs*[6] case, which notes that the consequences of a debtor's failure to comply with his statutory duties means that the stay terminates, the property is no longer property of the estate, and that the creditor may proceed as permitted by state law. 11 U.S.C. § 362(h).

But NFM's reliance on a discussion of ride-through is largely irrelevant; the Debtor here is not relying on ride-through to keep the collateral since the Debtor, indisputably, is not maintaining current payments to NFM.[7] More to the point, nothing in §§ 521 or 362 (or the Code, for that matter) renders a debtor's failure to comply with § 521(a)(2) or (a)(6) "unlawful"; nothing in the Code transmutes NFM's prepetition claim into a postpetition one; and nothing excepts the debtor's personal liability from being discharged by operation of the discharge order and § 524 save by the timely filing of a dischargeability complaint. See 11 U.S.C. § 727.

By contrast, Congress showed that it knew how to limit the discharge injunction in other BAPCPA amendments; § 524(j) expressly provides that § 524(a)(2) does not enjoin home mortgage creditors from seeking periodic payments from debtors in lieu of *in rem* relief under certain circumstances, and § 365(p)(2) protects personal property lessors from discharge injunction violations when negotiating a cure. Congress could have further penalized debtors

---

[5]     Section 521(a)(6) provides that the individual Chapter 7 debtor shall "not retain possession of personal property as to which a creditor has an *allowed claim for the purchase price* secured in whole or in part by an interest in such personal property" unless the debtor either reaffirms the debt or redeems the property within 45 days after the first meeting of creditors (emphasis added). But since only creditors who file a proof of claim are holders of *allowed claims* in Chapter 7 (11 U.S.C. § 502), NFM's failure to file a claim in this case may mean the Debtor owed no such duty to NFM. *See generally In re Rowe*, 342 B.R. 341, 350-51 (Bankr. D. Kan. 2006). This Court need not decide the issue since it is not relevant to whether the Debtor has stated a claim for violation of the discharge injunction.

[6]     No. 06-60346, 2006 WL 2990218, at *1 (Bankr. W.D. Mo. Oct. 12, 2006).

[7]     For the same reasons, the Court need not address NFM's attempts to denigrate the *McNeil* case, 128 B.R. 603 (Bankr. E.D. Pa. 1991). Although that court's discussion of ride-through has been abrogated by BAPCPA, the ultimate holding – that a creditor can't do an end-run around § 524(a)(2) by disguising its attempts to collect on a prepetition discharged debt as "special damages" -- is still good law.

who, like this Debtor, merely ignore §§ 521(a)(2) and (a)(6), but clearly Congress believed the automatic stay lift sufficient punishment. And, of course, Congress did not eliminate a creditor's ability to avail itself of other remedies under the Code (*e.g*, dismissal for unreasonable delay under § 707(a)(1); determination of nondischargeability under § 523(c)), and certainly did not impinge on secured creditor's state law remedies (such as the right to replevin its collateral *in rem)*, so long as undertaken within the purview of the discharge injunction.

The Court need not delve further into the myriad of other issues that the attempt to eliminate ride-through has spawned, nor decide any of those issues in the context of this case.[8] "The discharge injunction of 11 U.S.C. § 524 is one of the most fundamental protections, or "benefits," of bankruptcy. Without it, there would be no "fresh start." *In re Poindexter*, 376 B.R. 732, 736 (Bankr. W.D. Mo. 2007). Willful violations of the discharge injunction are punishable by contempt. A creditor found in contempt for having willfully violated the discharge injunction is subject to an award of actual damages including attorney fees, as well as punitive damages in egregious circumstances. *Id.* at 739. The standard of willfulness, similar to that set forth in § 362(k), requires evidence the offending creditor knew of the existence of the discharge order and intentionally took actions which violated its provisions. Knowledge of the order and willful violation must be established by clear and convincing evidence. *Id.* at 738.

In the light most favorable to NFM, the Debtor has alleged that there is a valid court order (the discharge order) that discharged the Debtor's personal liability to NFM; that NFM had knowledge of the discharge order; and that NFM willfully violated the discharge order by suing

---

[8] It is ironic that the attempt to eliminate the violent disagreement Courts expressed over ride-through (e.g., *In re Price*, 370 F.3d 362, 370 (3rd Cir. 2004)) has spawned even more disagreement among courts because of the poor drafting, ambiguity, and internally inconsistent language used in the various Code sections. As one court has stated of the BAPCPA ride-through amendments, "[d]eciphering this puzzle is like trying to solve a Rubik's cube that arrived with a manufacturer's defect." *In re Donald,* 343 B.R. 524, 529 (Bankr. E.D.N.C. 2006).

Debtor to obtain an *in personam* judgment of a discharged debt. The Debtor's complaint therefore states a plausible claim for relief.

### *Conclusion*

NFM's Motion to dismiss is denied. NFM is granted 14 days from the date hereof to file an answer to Debtor's complaint.

IT IS SO ORDERED.

Dated: July 28, 2015                            /s/ Cynthia A. Norton
                                                United States Bankruptcy Judge


Parties to receive electronic notice